Filed 1/6/2023 1:55 PM
Karen L. Wilson
District Clerk
Van Zandt County, Texas

Stormy Canady

CAUSE NO. 23-00004 _____

| | | |
|---|---|---|
| HERMELINDA CHAVEZ, INDIVIDUALLY AND AS PERSONAL REPRESENTATIVE OF THE ESTATE OF ALBINO CHAVEZ RUBIO, DECEASED; AND ON BEHALF OF ALL WRONGFUL DEATH BENEFICIARIES, *Plaintiffs*, | § § § § § § § § § | IN THE DISTRICT COURT |
| VS. | § § | 294TH ____DISTRICT COURT |
| CLASSIC PROTECTIVE COATINGS, INC. *Defendant.* | § § § § | VAN ZANDT COUNTY, TEXAS |

## PLAINTIFFS' ORIGINAL PETITION

**TO THE HONORABLE JUDGE OF THIS COURT:**

**COMES NOW,** HERMELINDA CHAVEZ, INDIVIDUALLY; ABD AS PERSONAL REPRESENTATIVE OF THE ESTATE OF ALBINO CHAVEZ RUBIO, DECEASED; AND ON BEHALF OF ALL WRONGFUL DEATH BENEFICIARIES ("Plaintiffs"), complaining of and against Classic Protective Coatings, Inc. ("Classic Protective Coatings") or ("Defendant"), and would respectfully show the Court as follows:

### I.
### DISCOVERY CONTROL PLAN

Plaintiffs submit this action under Discovery Control Plan Level III, per Rule 190.4 of the Texas Rules of Civil Procedure.

### II.
### RELIEF

Plaintiffs seek monetary relief over $1,000,000.

## III.
## JURISDICTION

This is a wrongful death, survival, and personal injury action involving gross negligence, negligence, and negligence *per se* of Defendant. This action is brought pursuant to sections 71.001, *et. seq.* and 71.021 of the Texas Civil Practice and Remedies Code. The amount in controversy exceeds this Court's minimum. jurisdictional amount.

Defendant's office is located in Van Zandt County; therefore, venue is proper in Van Zandt County pursuant to C.P.R.C. § 15.002(a)(3).

## IV.
## VENUE

Defendant's office is located in Van Zandt County; therefore, venue is proper in Van Zandt County pursuant to C.P.R.C. § 15.002(a)(3).

## V.
## PARTIES

Plaintiffs reside in Van Zandt County.

Defendant, Classic Protective Coatings, Inc., is a company authorized to do business in Texas and it may be served with process through their registered agent, Corporation Service Company d/b/a CSC- Lawyers Inco, located at 211 E. 7th Street, Suite 620, Austin, TX 78701.

Whenever in this petition it is alleged that Defendant committed any act or omission, it is meant that Defendant's officers, directors, vice-principals, agents, servants, and/or employees committed such act or omission and that, at the time such act or omission was committed, it was done with the full authorization, ratification, or approval of Defendant or was done in the routine and normal course and scope of employment of Defendant's officers, directors, vice-principals, agents, servants, and/or employees. Accordingly, Defendant had actual knowledge of

all adverse actions and conduct against Deceased and Plaintiffs through Defendant's respective officers, directors, vice-principals, agents, servants, and/or employees.

## VI.
## JURY DEMAND

Plaintiffs hereby respectfully request that a jury be convened to try the factual issues of this case.

## VII.
## CAUSE OF ACTION

Plaintiffs would respectfully show the Court that, on or about June 18th, 2021, at all relevant times, ALVINO CHAVEZ, hereinafter "Decedent," was working and at the job site under the direction and in furtherance of his work for the benefit and under the control of Defendant CLASSIC PROTECTIVE COATINGS on a work site when Decedent suffered fatal on the job injuries. Decedent was working at 5616 Hathaway Lane, Minnetonka, MN 55345, hereinafter "job site." The work was to be performed in a manner which required certain tools and instrumentalities to perform the work in a safe manner. Decedent was directed by the Defendant to work without personal protection equipment (PPE) when Decedent was pinned between the ladder frame and a motor hanging bracket and suffered deadly injuries. The Defendant failed to follow the minimum safety guidelines of the industry and OSHA regulations in directing the decedent to work with deadly conditions. The Defendant provided no instrumentalities or safety equipment to the Decedent. The Defendant knew the Decedent needed to perform his job in a safe manner which resulted in the incident made basis of this suit. At all relevant times, Decedent was under the actual and or contractual control of Defendant.

As a direct and proximate result of the above acts and/or omissions, singularly and/or combined, Decedent sustained painful injuries which led to his death. Plaintiffs have had to endure suffering, mental anguish, and emotional pain as a consequence of his death.

Defendant breached their non-delegable duty to make the Decedent's work area safe and did not make an adequate effort protect Decedent at the time of the incident. Further, Defendant owed an additional duty to warn and prepare its employees, subcontractors, and/or business invitees for any hazards associated with their work but failed. It was the Defendant's negligence and gross negligence that proximately caused Decedent's death and Plaintiffs' damages.

Whenever in this petition it is alleged that Defendant committed any act or omission, it is meant that the Defendant's officers, directors, vice-principals, agents, servants, and/or employees committed such act or omission and that, at the time such act or omission was committed, it was done with the full authorization, ratification, or approval of Defendant or was done in the routine and normal course and scope of employment of Defendant's officers, directors, vice-principals, agents, servants, and/or employees. Accordingly, Defendant had actual knowledge of all adverse actions and conduct against Decedent through Defendant's respective officers, directors, vice-principals, agents, servants, and/or employees.

## VIII.
## NEGLIGENCE OF DEFENDANT

Defendant's acts or omissions constituted negligence and/or gross negligence in following acts of negligence, to wit:

a.  Failing to properly inspect the worksite conditions;

b.  Failing to provide a safe workplace;

c.  Failing to provide proper supervision of its employees and subcontractors;

d.  Negligent hiring, retention, and supervision of its employees and subcontractors;

e.  Failing to maintain a safe work environment;

f.  Failing to provide adequate safety protection and equipment including personal protection equipment, guardrails, scaffolding, tie off lines, and or safety harness, which devices would have provided protection;

g.  Aiding and abetting all other co-Defendant to commit reckless acts and violate multiple minimum industry standard and OSHA regulations;

h.  Failing to prevent the crushing injuries;

i.  Failing to report known dangers or conditions pertaining to the worksite;

j.  Allowing a known dangerous and unsafe condition to exist;

k.  Failing to cure the known dangerous and unsafe condition;

l.  Negligently failing to install proper protection;

m.  Negligently inspecting the area and worksite;

n.  Failing to warn Plaintiffs, of the known dangerous and unsafe condition created by Defendant's conscious disregard for the safety and well-being of the Plaintiffs;

o.  In failing to take measures to reasonably necessary to protect its workers, subcontractors, and/or business invitees, including Plaintiffs, from an unsafe condition;

p.  In acting with disregard for the safety and welfare of their workers, subcontractors, and/or business invitees, specifically including Plaintiffs;

q.  In failing to maintain a safe work environment and supervise employees, invitees, sub-contractors or workers;

r.  In failing to establish and/or implement a safety program for their workers and invitees or subcontractors as required by Texas Labor Code Annotated § 411.001, *et seq.*;

s.  In failing to use due care to avoid injury to Plaintiffs;

t.  In failing to properly supervise Plaintiffs;

u.  In failing to provide its invitees, agents, and workers, including Plaintiffs, with the necessary tools and implements to do their work and with personal protection equipment; and

v.  In failing to act as a reasonably prudent person and/or employer would have done under the same or similar circumstances.

Each of these acts and omissions, whether taken singularly or in any combination constitutes negligence and gross negligence, which proximately caused the injuries of Plaintiff.

As a direct and proximate result of these and other acts and omissions, whether taken singularly or in any combination, Plaintiff became injured while under the control and supervision of Defendant. Defendant and their respective agents, servants, and employees also were negligent by failing to follow the minimum industry standards in one or more of the following, specifically including, but not limited to, the following:

a.  In failing to instruct its workers and/or invitees in the recognition and avoidance of unsafe conditions and the regulations applicable to the work environment to control or eliminate any hazards or other exposure to injury, as required by 29 C.F.R. § 1926.21(b)(2);

b.  In failing to require its invitees, agents, and worker to wear the appropriate protection when exposed to hazardous conditions, as required by 29 C.F.R. § 1910.138(a);

c.  In failing to provide its invitees, agents, and workers with the appropriate protection relative to the tasks to be performed, the conditions present, the duration of use, and the hazards and potential hazards, as required by 29 C.F.R. § 1910.138(b);

d.  In failing to initiate and maintain a safety program, which provides for frequent and regular inspections of the job site, materials, and equipment used there to be made by a competent person to address potential safety and health hazards, as required by 29 C.F.R. §1926.20(b)(1) and (2); and

e.  In failing to comply with the minimum industry standards that are set by OSHA and thereby ignoring the cumulative wisdom of the construction industry on which work conditions or procedures are unsafe.

The acts and omissions listed above demonstrate Defendant's reckless disregard for the safety of their employees, subcontractors, and/or business invitees. Decedent was functioning in the course and scope of his employment with Defendant at the time of the accident. Furthermore, it is Plaintiff's belief that Defendant at all relevant times knew Decedent in fact had not been

properly trained and/or equipped, but instructed Decedent to start working, nonetheless. Therefore, the conduct of Defendant solely and proximately caused the occurrence that made the basis of this cause and Plaintiff's injuries and damages

## IX.
## GROSS NEGLIGENCE

Defendant acted unconscionably and wantonly neglected to take the actions reasonably required to correct its past mistakes and omissions, unconscionably and wantonly neglected to reasonably protect Decedent from his severe injuries prior to his ghastly death, and unconscionably and wantonly neglected to take any reasonable actions to correct its grossly unsafe business practices. Defendant unconscionably and wantonly failed to train and enforce employees safety regarding basic trench safety.

As a result of the Defendant's acts previously described, Decedent was killed. Pursuant to sections 71.002, 71.004, and 71.021 of the Texas Civil Practice and Remedies Code, Plaintiffs sues for the damages that incurred prior to his death and for the damages they have incurred due to decedent's death. These damages were proximately caused solely by the conduct of Defendant is liable for Decedent's death.

For their loss and damages, Plaintiffs seeks damages in a sum far exceeding the minimum jurisdictional limits of the Court, as provided by the Texas Wrongful Death statute codified at sections 71.001 *et. seq.* and 71.021, *et. seq.* of the Texas Civil Practice and Remedies Code. Defendant's conduct also entitles Plaintiffs to recover exemplary damages under section 41.003 of the Texas Civil Practice and Remedies Code. Plaintiffs seeks recovery of exemplary damages for harm that was the direct result of Defendant's gross negligence.

In the alternative and without waiving the foregoing Defendant's conduct rises to the level of intentional conduct, based on the prior history of their conduct, engaging in conduct that had

previously killed, maimed and or injured other employees of the defendant. Defendant conduct was knowingly engaged in, was aware that the circumstances surrounding the conduct exist, and or were aware that the conduct is reasonably certain to cause the result, that being death and or serious injury in the conduct set out above and evidenced by aforementioned facts. Defendant acted intentionally in not monitoring the employees, not providing sufficient employees and or supervision, disregarding the OSHA regulations as to what caused the death of the decedent.

Defendant's acts and omissions involved an extreme degree of risk; considering the probability and magnitude of potential harm to others, such as Plaintiffs. Defendant had actual, subjective awareness of the risks involved, but nevertheless preceded with wanton disregard and conscious indifference for the rights, safety, and welfare of others. As such, Plaintiffs requests the 6-ier of fact to punish and deter Defendant and others like Defendant from such conduct in the future. Plaintiffs, therefore, will seek damages in an amount to be determined by the trier of fact, commensurate with:

- a. the nature of the wrong committed by Defendant;
- b. the character of Defendant's course of conduct;
- c. the degree of culpability of the wrongdoer herein;
- d. the helpless and dependent nature of the victim in this case; and,
- e. the severity, frequency, degree, and extent that Defendant's conduct described herein above offends a public sense of justice and propriety.

## X.
## SURVIVAL AND WRONGFUL DEATH DAMAGES

Plaintiffs sue for the severe and disabling injuries and damages that Decedent suffered prior to his death which include, but are not limited to, pain and suffering, knowledge of his impending death due to suffocation, mental anguish, impairment, and disfigurement. These

damages greatly exceed the minimum jurisdictional limits of this Court. Both Decedent's damages prior to his death and his ultimate death were solely and proximately caused by Defendant's negligent and gross negligence and conduct, as set forth above. Plaintiffs also sue for the damages they have incurred as a result of Decedent's death, as a result of learning the facts regarding Decedent's horrible death, and as a result of the grief they have endured and are forced to continue to endure. Plaintiffs has suffered and endured great pain and mental anguish since learning of Decedent's death, and Plaintiffs benefitted from Decedent's income, household services, love and affection and gifts prior to his death. Plaintiffs have also incurred the expenses of Decedent's funeral, burial and other related expenses. In addition, Plaintiffs have incurred both past and future loss of wage-earning capacity as Plaintiffs was unable to attend to their respective employment for some period of time following Decedent's death. Plaintiffs has also suffered the substantial loss of the love, comfort, care, and compassion which they received from Decedent prior to this death.

Such damages include all statutory and legal damages allowed by law including but not limited to the following:

  a. Pecuniary loss for: care; maintenance; support services; advice; role model: and, counsel Specifically, Plaintiffs sue for the following

  b. Loss of companionship and society as a benefit flowing from love, comfort, companionship, and society that in reasonable probability, they would have received from Decedent had he lived.

  c. Mental Anguish from the emotional pain, torment, and suffering experienced by the surviving Plaintiffs because of the death of Decedent.

  d. Loss of inheritance at the present value of the assets that the deceased, in reasonable probability, would have added to the estate after the natural death of Decedent.

  e. Funeral and burial expenses incurred as a result of Decedent's death;

    f.      Exemplary damages, as an example to others and as a penalty or by way of punishment in addition to any amount that the jury may have found as actual damages;

    g.      Punitive Damages, Defendant's conduct was done with reckless disregard for the welfare of others.

## XI.
## VICARIOUS LIABILITY

At the time of the incident described above, and at the time of the negligent conduct, the Decedent was an employee of and were acting in the course and scope of their employment for the Defendant. As a result, Defendant is vicariously liable under the doctrine of *respondeat superior*. Plaintiffs seek to recover from Defendant under said theory.

## XII.
## NEGLIGENT HIRING, TRAINING, SUPERVISION, AND RETENTION OF DEFENDANT

Furthermore, Defendant failed to use ordinary care that a prudent person should have used under the same or similar circumstances in hiring, training, supervising, and retaining its employees. Such failures constituted negligence and were proximate causes of the incident in question as well as Decedent's fatal injuries and Plaintiffs' damages. Plaintiffs assert herein claims and causes of action based on Defendant's negligent hiring, training, supervision, and retention.

## XIII.
## PLAINTIFF'S REQUEST FOR DEPOSITION OF DEFENDANT

Plaintiff hereby requests a deposition of Defendant. Such depositions are to be taken remotely at a time agreed upon at least sixty-one (61) days after the Defendant's answer day. If no appearance is entered by Defendant, Plaintiff will serve notice of the deposition with topics and items to be produced, along with a Zoom link for remote appearance at the address where Defendant was served. If Defendant enters an appearance, Plaintiff requests the Defendant, or their representatives, provide dates for respective parties within five (5) days of answer day, or

Plaintiff will unilaterally notice the depositions to begin on the 61st day after Defendant's Answer is due or is filed. Plaintiff requests that such depositions take place before the deposition of Plaintiff's fact or expert depositions.

## XIV.
## NOTICE OF USE OF DOCUMENTS

Pursuant to Texas Rules of Civil Procedure 166a(d) and 193.7, Plaintiffs hereby gives notice to Defendant that Plaintiffs intends to use all discovery products, responses, and documents exchanged and produced between the parties as summary judgment evidence, in any pretrial proceeding, and/or at trial in this cause.

## XV.
## PRAYER

THEREFORE, Plaintiffs seeks monetary relief of over $1,000,000. Specifically, Plaintiffs respectfully request that Defendant be cited to appear and answer, and that on final trial, Plaintiffs be awarded judgment against Defendant for the following:

A. A sum in excess of five million dollars ($5,000,000.00) for Decedent's wrongful death;

B. A sum in excess of five million dollars ($5,000,000.00) for Decedent's actual survival damages prior to his death;

C. A sum in excess of the minimum, jurisdictional limits of this Court for Plaintiffs' individual past and future physical pain and suffering, mental anguish, physical and mental impairment, the funeral and burial expenses they have incurred, lost wages, wage impairment, loss of earning capacity, loss of comfort and compassion, loss of consortium, loss of economic support, loss of inheritance, loss of companionship and society, pecuniary loss, and other actual damages;

D. A sum in excess of TEN MILLION DOLLARS ($10,000,000.00) for exemplary/punitive damages for Defendant's gross negligence;

E. Pre-Judgment interest on all damages awarded at the highest legal rate;

F. Costs of Court;

G. Post-Judgment interest on all sums awarded herein at the highest legal rate until Paid in full; and,

H. Such other and further relief to which Plaintiffs may be justly entitled at law or in equity, specific or general.

Respectfully submitted,

**LAW OFFICE OF DOMINGO A. GARCIA, P.C.**

By: /s/ *Albert Villegas*
Albert Villegas
State Bar No. 20585450
Service E-mail: dallasoffice@dgley.com
1111 W. Mockingbird Ln.
Suite 1200
Dallas, Texas 75247
Telephone: (214) 941-8300
Facsimile: (214) 943-7536

**ATTORNEY FOR PLAINTIFFS**