UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS

———

No. 6:23-cv-00076

———

**Hermelinda Chavez,**
*Plaintiff,*

v.

**Classic Protective Coatings, Inc.,**
*Defendant.*

———

# ORDER

This action arises from a fatal workplace accident in Minnetonka, Minnesota. The decedent, Albino Chavez Rubio, was performing routine maintenance inside a water tower when he became pinned between a cable-hoisted work bucket and an elevated platform, suffering blunt force compression of his neck and torso that resulted in asphyxiation and death. At the time of the accident, the decedent was acting within the scope of his employment with defendant Classic Protective Coatings.

This suit was brought in Texas state court by the decedent's widow and representative of his estate. She claimed that defendant's negligence in following minimal safety guidelines for training and provisioning the decedent was the actual and proximate cause of his death.

Defendant removed this case to federal court. The removal was proper because plaintiff is a Texas citizen, defendant is a Florida corporation with its principal place of business in Wisconsin, and the amount in controversy is large enough.

Defendant then moved to dismiss the case for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2). In response, plaintiff sought and was granted leave to conduct limited discovery related to defendant's contacts with the forum state (Texas). Docs. 5, 9. That phase of the discovery process is now complete. Having carefully considered the parties' motion

briefing, the court grants defendant's motion to dismiss for lack of personal jurisdiction.

**1.** Plaintiff must make a prima facie showing that jurisdiction is proper. *Monkton Ins. Servs., Ltd. v. Ritter*, 768 F.3d 429, 431 (5th Cir. 2014). As a general rule, federal courts may assert jurisdiction only over defendants that are "subject to the jurisdiction of a court of general jurisdiction in the state where the district court is located." Fed. R. Civ. P. 4(k)(1)(A). Texas's long-arm statute authorizes jurisdiction to the full extent allowed by the due process clause of the Fourteenth Amendment. *Halliburton Energy Servs., Inc. v. Ironshore Specialty Ins. Co.*, 921 F.3d 522, 539 (5th Cir. 2019). So whether defendant is properly subject to Texas's jurisdiction in this case depends exclusively on the due-process principles established in *International Shoe Co. v. Washington*, 326 U.S. 310 (1945).

Personal jurisdiction comes in two forms, "general" and "specific." General jurisdiction, which authorizes a court to hear any claim against a defendant, exists only in the forum where a defendant's "affiliations with the State are so 'continuous and systematic' as to render [it] essentially at home in the forum State." *Daimler AG v. Bauman*, 571 U.S. 117, 139 (2014) (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011)). It is not enough, under this standard, that a defendant corporation routinely conducts business in the forum state. Rather, its presence in the state must be enough to make the forum equivalent to its place of incorporation or principal place of business. As the Fifth Circuit has observed, it is "incredibly difficult to establish general jurisdiction in a forum other than the place of incorporation or principal place of business." *Monkton*, 768 F.3d at 432.

Plaintiff does not distinguish between general and specific jurisdiction in her response to defendant's motion to dismiss. But she appears to assert both. She argues that defendant is "essentially at home" in Texas without any discussion of the legal standard that this language invokes. Doc. 16 at 5. And the facts that

plaintiff alleges in support of her conclusion fall short of showing that defendant's Texas contacts give rise to general jurisdiction.

Defendant maintains water towers nationwide. Some fraction of its projects and customers are located in Texas.[1] Many of defendant's regular employees live in Texas. But its only corporate office is in Wisconsin, where all senior officers work and reside. The most expansive, plausible interpretation of those facts does not support a finding that Texas has general jurisdiction over defendant.

**2.** Specific jurisdiction arises from "the relationship among the defendant, the forum, and the litigation." *Walden v. Fiore*, 571 U.S. 277, 283–84 (2014). In determining whether the exercise of specific jurisdiction is proper, the Fifth Circuit considers three factors:

> (1) whether the defendant has minimum contacts with the forum state, i.e., whether it purposely directed its activities toward the forum state or purposefully availed itself of the privileges of conducting activities there; (2) whether the plaintiff's cause of action arises out of or results from the defendant's forum-related contacts; and (3) whether the exercise of personal jurisdiction is fair and reasonable.

*Inmar Rx Sols., Inc. v. Devos, Ltd.*, 786 F. App'x 445, 448 (5th Cir. 2019). Once the plaintiff has shown that the first two factors are satisfied, the burden shifts to the defendant to show that the exercise of jurisdiction would be unfair and unreasonable. *Id.*

Here, plaintiff has alleged enough facts to satisfy the first factor of the analysis. Defendant paints, repairs, and maintains water

---

[1] The exact percentage is unclear. Defendant's deposed witness estimates that they have completed between 25 and 30 projects in Texas throughout the company's history. The company's website claims that it completes 30 projects per year, and it has been in business for 26 years. Defendant has no current projects in Texas, but a few past projects are still under warranty for maintenance. The witness also said 25% of defendant's bids each year are for projects in Texas. But that market is highly competitive. "We don't really concentrate on Texas" the witness noted, because they pay workers a per diem even when they're at home. Doc. 16-5 (Burke Depo.).

towers nationwide, including in Texas. If the injury alleged was related to one of defendant's Texas projects, there is no reason to doubt that this court would have personal jurisdiction. But the accident at issue here occurred at a job site in Minnesota.

Plaintiff relies primarily on case law establishing that jurisdiction may exist over a defendant whose products have caused an injury in the forum state.[2] But these precedents are irrelevant to plaintiff's claim, which arises from a workplace accident far removed from the forum state.[3]

Plaintiff therefore fails to establish a connection between her claim and the defendant's Texas-related contacts. "Despite a nonresident defendant's flood of purposeful contacts with the forum state, the exercise of specific jurisdiction is prohibited if 'the suit' does not 'aris[e] out of or relat[e] to the defendant's contacts with the forum.'" *Luciano v. SprayFoamPolymers.com, LLC*, 625 S.W.3d 1, 14 (Tex. 2021) (quoting *Bristol-Myers Squibb Co. v. Superior Court of Cal., San Francisco Cty.*, 582 U.S. 255, 137 (2017)).

The only connection between plaintiff's cause of action and the forum is the residence of the decedent and the plaintiff. "But

---

[2] Plaintiff cites *Ford Motor Co. v. Mont. Eighth Jud. Dist. Ct.*, 141 S. Ct. 1017 (2021); *Asahi Metal Indus. Co., Ltd. v. Superior Court of Cal.*, 480 U.S. 102 (1987); and *Luv N' care, Ltd. v. Insta-Mix, Inc.*, 438 F.3d 465 (5th Cir. 2006). Doc. 16. Plaintiff also cites *Choice Health Care v. Kaiser Foundation*, but it does not support a stream-of-commerce theory. 615 F.3d. 364, 373 (5th Cir. 2010) ("The facts of this case simply do not fit the stream of commerce model described by Justice Brennan . . . this is not a products liability case.").

[3] The Texas Court of Appeals recently rejected a more sophisticated version of plaintiff's argument in *Devon Energy Corp. v. Moreno*, 2022 WL 547641 (Tex. App.—Houston [1st Dist.] Feb. 24, 2022, no pet.). In that case, the plaintiff, a Texas resident injured while working in New Mexico for an Oklahoma corporation, argued that the Texas court had jurisdiction because he "was injured by performing the same activities in New Mexico that [defendants] perform in Texas – extracting natural resources for profit." *Id.* at *6. Plaintiff argued its case fell under the holding in *Ford Motor Co. v. Montana Eighth Jud. Dist. Ct.*, 141 S. Ct. 1017, 1026 (2021). Unlike in *Ford,* however, "the undisputed jurisdictional evidence establishe[d] that the complained-of liability and injuries occurred in New Mexico, not in Texas." *Devon*, at *7. "Because [the plaintiff] did not assert that his injuries occurred in Texas, that any of the alleged acts or omissions by the Devon Entities occurred in Texas, or that his cause of action related to any contacts that the Devon Entities had with Texas," the court concluded that it lacked jurisdiction. *Id.* at *6.

the plaintiff cannot be the only link between the defendant and the forum." *Walden,* 571 U.S. at 285. "Rather," the Supreme Court has held, "it is the defendant's conduct that must form the necessary connection with the forum State that is the basis for its jurisdiction over him." *Id.*

Plaintiff also argues that jurisdiction is proper because defendant recruited the decedent in Texas. In his deposition as defendant's corporate representative, Michael Burke testified that it relies on a regular pool of skilled workers for its projects. These workers are paid on an hourly and per diem basis, not as salaried employees. But defendant keeps them busy with regular work. Project assignments are based primarily on the nature of the project and the skills of the workers and crews, not geography.

Project managers, all of whom live in Wisconsin or Minnesota, put the jobs together. But the project managers rely on a chosen superintendent to recruit individual crew members. The decedent had been a regular crew member since the company was started. The superintendent of the project when the decedent was killed, Efrain Valdelamar, was from Terrell, Texas. So, plaintiff argues, "it is reasonable to infer that Efrain recruited him in Texas to be on that crew in Minnesota." Doc 16 at 7.

Binding precedent does not preclude a finding that recruitment within the forum state is enough to satisfy the second factor of this circuit's jurisdictional analysis. But the most relevant persuasive holdings have consistently rejected versions of that argument. As a court in this district has noted, recruitment establishes specific jurisdiction only when the cause of action arises from or is "connected with the recruiting function." *O'Quinn v. World Indus. Constructors, Inc.,* 874 F. Supp. 143, 146 (E.D. Tex. 1995), *aff'd on other grounds,* 68 F.3d 471 (5th Cir. 1995). The court in that case specifically observed that unsafe working conditions are not related to recruitment. *Id.*

Similarly, in *Van Pelt v. Best Workover, Inc.*, a Texas court of appeals found that it lacked specific jurisdiction over a suit filed by a Texas resident for injuries sustained while working on a rig

off the coast of Louisiana. 798 S.W.2d 14, 16 (Tex. App.—El Paso 1990, no writ). Though the trial court found that the defendant had not recruited in Texas, the court of appeals noted that "recruitment in Texas is not alone sufficient."

> The cause of action must arise from or be connected with that act of recruitment. This suit is not for a breach of an employment contract made in a phone call to Texas. Van Pelt does not contend he was not paid as agreed in any recruitment call to Texas. The cause of action in this case results from injuries sustained when a rig tipped over and arises out of the alleged negligence of those performing certain tasks on the date of the accident, not the employment of crew members at an earlier date.

*Id.*

Finally, in *Kelly v. Syria Shell Petroleum Development B.V.*, the Fifth Circuit observed that, even if the defendant had recruited Texas workers for a project that resulted in a wrongful death claim, that would not establish specific jurisdiction because the "claims do not arise out of those contacts. Instead, they arise out of alleged tortious acts committed . . . in Syria." 213 F.3d 841, 855 (5th Cir. 2000). Thus, even if the court accepts as true plaintiff's inference that defendant's agent recruited the decedent in Texas, it would not establish specific jurisdiction over a negligence claim arising from a workplace accident in Minnesota.

For the foregoing reasons, the court grants defendant's motion to dismiss for lack of personal jurisdiction. The clerk shall close this case forthwith.

*So ordered by the court on September 28, 2023.*

J. CAMPBELL BARKER
United States District Judge